UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

SYLVIA LYELL,
a citizen and resident of California,

Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SYLVIA LYELL, a citizen and resident of California, hereby sues Defendant, CARNIVAL CORPORATION, ("CARNIVAL") a Panamanian corporation with its principal place of business in Florida doing business as CARNIVAL CRUISE LINES, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff SYLVIA LYELL is a citizen of California and is otherwise *sui juris*.

3. Defendant CARNIVAL is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. Defendant CARNIVAL is both a citizen of Panama and a citizen of Florida for purposes of determining subject matter jurisdiction over this action.

4. At all material times Defendant was operating under the fictious name "CARNIVAL CRUISE LINES."

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship. Plaintiff is a resident and citizen of California, while Defendant CARNIVAL is a citizen of Panama and Florida. The damages and injuries suffered by Plaintiff as alleged in Paragraph 17 below support an award of damages in excess of $75,000.00, exclusive of interest and costs.

6. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

7. At all material times, Defendant CARNIVAL was, and is, engaged in the business of operating maritime cruise vessels for fare paying passengers, including the Plaintiff.

8. In the operative ticket contract, Defendant CARNIVAL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, and venue is proper in this Court.

9. Venue is also proper because Defendant CARNIVAL's principal place of business is located within this judicial district.

10. Plaintiff has complied with all conditions precedent to bringing this action, including providing Defendant CARNIVAL with timely notice as required by the ticket contract. A copy of the letter, dated December 21, 2022, has been attached hereto as *Exhibit 1*.

**<u>LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS</u>**

11. At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL "RADIANCE."


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

12. On December 16, 2022, Plaintiff was a fare paying passenger aboard the CARNIVAL "RADIANCE" and in that capacity was lawfully present aboard the vessel.

13. On December 16, 2022, Plaintiff was walking through the Casino area on Deck 5 of the CARNIVAL "RADIANCE," when she slipped and fell on a foreign, wet, slippery, and/or transitory substance present on the floor surface.

14. At all material times, Defendant knew, or in the exercise of reasonable care, should have known of the foreign, wet, slippery, and/or transitory substance that caused the Plaintiff to slip and fall.

15. Defendant's actual and/or constructive knowledge derives from prior similar slip and fall incidents that occurred on the CARNIVAL "RADIANCE," and/or other vessels within the Defendant's control, that occurred in the vicinity of the vessels' casino. Including, but not limited to, the following:

a. On May 26, 2019, M.C. was aboard the CARNIVAL "ECSTACY" walking through the casino area when she slipped and fell due to a liquid substance present on the tile floor which resulted in making the floor unreasonably slippery. *Cogburn v. Carnival Corp.*, 20-cv-22166-UU.

b. On March 19, 2022, S.M. was aboard the CARNIVAL "ELATION" walking through the casino area when she slipped and fell due to a liquid substance present on the tile floor which resulted in making the floor unreasonably slippery. *McMahon v. Carnival Corp.*, 23-cv-21471-CMA.

c. On April 7, 2019, J.L. was aboard the CARNIVAL "SPLENDOR" walking from the casino area to the restroom when she slipped and fell due to a liquid


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

substance present on the tile floor which resulted in making the floor unreasonably slippery. *Listi v. Carnival Corp.*, 21-cv-23474.

16. Further actual and/or constructive knowledge comes from CARNIVAL's own inspection schedule and cleaning policies for the casino, and because the length of time the dangerous condition had been present before the Plaintiff slipped on it and fell was long enough to invite safety measures.

17. As a direct and proximate result of the fall described in Paragraph 13 above, the Plaintiff was injured in and about his body and extremities, including a fractured patella requiring surgical repair, and suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries. The future medical and health care expenses are reasonably certain to occur. These damages are permanent or continuing in their nature and Plaintiff will continue to sustain and incur these damages in the future.

**COUNT I – NEGLIGENT MAINTENANCE**

Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

18. At all material times, CARNIVAL owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to maintain its vessel, which encompassed the casino area located in the interior portion of Deck 5 where the Plaintiff slipped and fell, in a reasonably safe condition.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

19. At all material times, there existed a dangerous condition on the tile floor surface in the casino area on Deck 5 referenced in Paragraph 13, to-wit: a foreign, wet, slippery, and/or transitory substance.

20. At all material times, CARNIVAL had actual and/or constructive notice of the dangerous condition that caused Plaintiff to slip and fall for the reasons set forth in Paragraphs 15 and 16.

21. Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition, CARNIVAL breached its duty to Plaintiff by failing to exercise reasonable care in maintaining the deck surface of where Plaintiff slipped and fell in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

a. Failing to maintain the floor surface in the casino where Plaintiff slipped and fell in a reasonably safe condition to prevent slip and falls from occurring.

b. Failing to maintain the floor surface on the Radiance in accordance with the manufacturer's specifications to ensure that the floor surface maintains its slip resistance characteristics.

c. Failing to inspect the floor surface where Plaintiff slipped and fell to ensure adequate slip resistance.

d. Failing to use a floor surface in the area where Plaintiff slipped and fell that would provide adequate slip resistance to prevent slip and falls from occurring.

e. Failing to utilize non-skid strips and/or other precautions in the area where Plaintiff slipped and fell in order to prevent slips and falls from occurring in the casino of the Radiance.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

f. Failing to staff and deploy a sufficient number of personnel assigned to the casino area where Plaintiff fell in order to identify a wet, slippery, transitory, and/or foreign substances from accumulating on the tile surface in the area, prior to when Plaintiff slipped and fell.

g. Failing to dry the floor surface prior to Plaintiff's slip and fall.

h. Failing to conduct frequent, timely, or adequate inspections of the floor surface in the area where Plaintiff slipped and fell to identify or detect potential slip and fall hazards such as accumulated water and/or a wet, slippery, transitory, or foreign substances on the floor.

i. Failing to implement and/or enforce adequate policies and procedures to ensure that wet floors in the area where Plaintiff slipped and fell were remedied.

j. Failing to implement or enforce adequate policies and procedures to ensure that the area where Plaintiff slipped and fell was free of any wet or foreign substances so as to prevent slip and falls from occurring.

22. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 17.

**WHEREFORE**, Plaintiff demands judgment against CARNIVAL for compensatory damages, interest, and the costs of this action and further demands trial by jury of all issues triable as of right.

**COUNT II – NEGLIGENT FAILURE TO CORRECT**

Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

23. At all material times, CARNIVAL owed Plaintiff, as a fare paying passenger, a duty of reasonable care for her safety, including a duty to correct dangerous conditions of which it knew or should have known about in the exercise of reasonable care which encompassed the duty to correct the dangerous condition present on the tile surface in the casino area that caused the Plaintiff to slip and fall.

24. At all material times, there existed a dangerous condition on the tile floor surface in the casino area on Deck 5 referenced in Paragraph 13, to-wit: a foreign, wet, slippery, and/or transitory substance.

25. At all material times, CARNIVAL had actual and/or constructive notice of the dangerous condition of the floor surface where Plaintiff slipped and fell for the reasons set forth in 15 and 16.

26. Notwithstanding CARNIVAL's actual and/or constructive knowledge of the dangerous condition, CARNIVAL breached its duty of reasonable care by failing to correct the dangerous condition present on the tile surface that caused the Plaintiff to slip and fall and was thereby negligent, in one or more of the following ways:

a. Failing to inspect the tile floor surface in the casino where Plaintiff slipped and fell so as to ensure adequate slip resistance.

b. Failing to ameliorate the slip and fall hazard posed by the water or wet, slippery, transitory, or foreign substance that accumulated on the tile surface where Plaintiff slipped and fell by utilizing non-skid strips and/or other precautions in order to prevent slips and falls from occurring in the casino.

c. Failing to correct the wet or slippery condition of the tile floor surface in the casino area where Plaintiff slipped and fell so as to prevent slip and fall hazards.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

27. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 17.

**WHEREFORE**, the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT III – NEGLIGENT FAILURE TO WARN

Plaintiff adopts, realleges, and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

28. At all material times, CARNIVAL owed the Plaintiff, as a fare paying passenger, a duty of reasonable care, including a duty to warn of onboard dangerous conditions of which it knew or should have known about in the exercise of reasonable care which encompassed the duty to warn Plaintiff of the dangerous condition present on the tile surface in the casino on deck 5.

29. At all material times, there existed a dangerous condition on the tile floor surface of the casino area on Deck 5 referenced in Paragraph 13, to-wit: a foreign, wet, slippery, and/or transitory substance.

30. At all material times, CARNIVAL had actual and/or constructive notice of the dangerous condition of the floor surface where Plaintiff slipped and fell for the reasons alleged in Paragraphs 15 and 16.

31. Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition, CARNIVAL failed at all material times to warn passengers, including the Plaintiff, of the dangerous condition present on the tile floor surface of the casino area through written or orally delivered warnings, appropriate signage, markings, or placement of cones,


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

cordoning off the dangerous area pending its cleaning and drying, or otherwise, and was thereby negligent.

32. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 17 above.

**WHEREFORE**, Plaintiff demands judgment against CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: February 13, 2024

***/s/PHILIP M. GERSON***
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
BRANDON VOLK
Florida Bar No. 1019012
bvolk@gslawusa.com
STEPHEN P. MATHENY
Florida Bar No. 1049813
smatheny@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000

Facsimile: (305) 371-5749
*Attorneys for Plaintiff*


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com